United States Court of Appeals,

Fifth Circuit.

No. 94-50729.

AUSTIN BLACK CONTRACTORS ASSOCIATION, Plaintiff-Appellant,

v.

CITY OF AUSTIN, TEXAS, Defendant-Appellee.

March 21, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before WISDOM, GARWOOD, and JONES, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, the Austin Black Contractors Association ("ABCA"), brought this action against the defendant-appellee, the city of Austin, Texas ("City"), alleging racial discrimination in the awarding of the city's construction contracts. The ABCA bases its complaint on the results of a historical study commissioned by the City that indicates minorities have been statistically "under-utilized" on City construction projects.

The ABCA's complaint is brief, alleging that the City has historically excluded African Americans and other minorities from participation in construction projects because of their race, and that the City continues to do so. It does not allege any specific instance of recent or ongoing discrimination, but states that "the findings of the study and the defendant's exclusion of African American businesses from contracts on the airport and other City projects indicates a continuing pattern, practice and custom on the part of the City to deny African American businesses, including

1

plaintiff's members, the right to enter into contracts with the City because of their race."  The ABCA requests relief in the form of requiring the City to impose a ten percent construction spending set-aside for African American contractors, and to create a twenty million dollar trust to aid in financing and bond assistance for African Americans.

The City moved to dismiss the ABCA's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action upon which relief could be granted.  After a hearing, the district court dismissed the case, concluding that the ABCA does not have "a constitutional cause of action against the City for failure to implement an affirmative action program."  To the extent that the ABCA's complaint alleges such a cause of action, we agree with this ruling.

The ABCA bases its argument that a City is required to adopt aggressive affirmative action programs on the United States Supreme Court decision in *City of Richmond v. Croson.*[1]  This reading of *Croson* is in error.  In *Croson,* the Supreme Court held that evidence of statistical disparities between the availability and utilization of minority contractors in a city, combined with other evidence of racial discrimination in that industry, *may* justify the *voluntary* adoption of a race-based affirmative action program.[2] The *Croson* court did not indicate that such programs may be constitutionally *mandated.*  This court will not now extend *Croson*

---

[1]488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989).

[2]*Id.* at 509-511, 109 S.Ct. at 730-731 (emphasis added).

2

to create such a requirement.  In making this ruling, we join the numerous other circuits that have previously determined that the Fourteenth Amendment does not require affirmative action.[3]

Because the ABCA has failed to plead a statutory or constitutional basis for its claim of inadequate affirmative action, we AFFIRM the dismissal of that portion of the plaintiff's complaint.

It appears, however, that the district court incorrectly construed the ABCA's complaint as alleging only a cause of action for the City's failure to adopt specific affirmative action programs, and therefore failed to address the ABCA's claim of ongoing racial discrimination before dismissing the ABCA's complaint.  Although the ABCA's complaint is primarily devoted to the affirmative action claim, it also contains an allegation that the City continues to discriminate against ABCA members in awarding construction contracts.

Although this second allegation is stated in a very generalized manner, we find that it is sufficient to withstand the liberal requirements of notice pleading under Federal Rule of Civil Procedure 8(a).[4]  Because the ABCA successfully pleaded this cause

---

[3]*See, Yatvin v. Madison Met. School District,* 840 F.2d 412, 415 (7th Cir.1988);  *NAACP, Detroit Branch v. Detroit Police Officers Ass'n,* 821 F.2d 328, 331 (6th Cir.1987);  *Croson v. City of Richmond,* 779 F.2d 181, 187 (4th Cir.1985), *vacated on other grounds,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989); *Associated General Contractors of California v. San Francisco Unified School District,* 616 F.2d 1381 (9th Cir.) *cert. denied,* 449 U.S. 1061, 101 S.Ct. 783, 66 L.Ed.2d 603 (1980).

[4]*See Conley v. Gibson,* 355 U.S. 41;  78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (a complaint should not be dismissed for failure to state a

of action, the district court erred in dismissing the ABCA's entire complaint.  We VACATE the order to dismiss and REMAND this portion of the case for further proceedings, including the opportunity for the ABCA to amend its complaint.

---

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief); *Scheue v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (court is required to construe complaint in light most favorable to plaintiff and take allegations contained therein as true);  *Mann v. Adams Realty Inc.,* 556 F.2d 288, 293 (5th Cir.1977).

4